UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

K.S. ,

                              Petitioner,

        v.

TODD BLANCHE, *et al.*,

                              Respondents.

CASE NO. 2:26-cv-02378-GJL

ORDER DENYING MOTIONS FOR COUNSEL AND TO COMPEL DISCOVERY AND DIRECTING RESPONSE

This immigration habeas action is before the Court on Petitioner K.S.'s Motion for Appointment of Counsel (Dkt. 7) and Motion to Compel Discovery (Dkt. 8).[1] Because Petitioner has not demonstrated that appointment of counsel or an order compelling the requested discovery is warranted, the Court denies both Motions. The Court further **AMENDS** the Scheduling Order to **DIRECT** Respondents to also **ADDRESS** in their return the legal effect, if any, of the immigration habeas proceedings in *K.S. v. Lowe*, No. 3:24-cv-00229-MEM-SH (M.D. Pa. filed Feb. 7, 2024), on Petitioner's entitlement to habeas relief in this action.

---

[1] The parties have consented to proceed before a United States Magistrate Judge. *See* Dkt. 6 at 4.

ORDER DENYING MOTIONS FOR COUNSEL
AND TO COMPEL DISCOVERY AND
DIRECTING RESPONSE - 1

## I.   MOTION FOR COUNSEL (DKT. 7)

First, Petitioner seeks appointment of counsel in these immigration habeas proceedings, stating that he prepared his Petition to the best of his ability while proceeding *pro se* and cannot afford to retain counsel. Dkt. 7.

There is no constitutional right to appointed counsel in habeas actions unless an evidentiary hearing is required or appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). Even so, the Court may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In determining whether appointment of counsel is warranted, the Court considers both the likelihood of success on the merits and the petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues presented. *Id.*

Petitioner has not demonstrated that appointment of counsel is warranted here. Although Petitioner states that he cannot afford to retain counsel, financial eligibility alone does not justify appointment. The Court has reviewed Petitioner's filings in this action, as well as his *pro se* filings in his prior immigration habeas in *K.S. v. Lowe*, No. 3:24-cv-00229-MEM-SH (M.D. Pa. filed Feb. 7, 2024),[2] and finds that Petitioner has demonstrated an ability to adequately present his claims without the assistance of counsel. Moreover, the issues presently before the Court are not so factually or legally complex as to warrant appointment of counsel at this stage of the

---

[2] The Court takes judicial notice of the publicly available docket in Petitioner's immigration habeas proceedings filed before the United States District Court for the Middle District of Pennsylvania.

ORDER DENYING MOTIONS FOR COUNSEL
AND TO COMPEL DISCOVERY AND
DIRECTING RESPONSE - 2

proceedings. Thus, the Court finds that Petitioner has not shown circumstances warranting the appointment of counsel at this time.

## II.   MOTION FOR DISCOVERY (DKT. 8)

Next, Petitioner requests a court order compelling Respondents to produce an audio recording of his February 28, 2025 bond hearing held before an Immigration Judge ("IJ"). Dkt. 8. However, in *K.S. v. Lowe*, No. 3:24-cv-00229-MEM-SH (M.D. Pa. filed Feb. 7, 2024), the United Staters District Court for the Middle District of Pennsylvania granted Petitioner's request for an audio recording of the same bond hearing by directing Respondents to provide a transcript of the immigration bond proceedings. See *id.*, Dkt. 47 (Sept. 23, 2025). In those same immigration habeas proceedings, the court subsequently noted that Petitioner had also obtained the audio recording of the hearing through a request under the Freedom of Information Act. *See id.*, Dkt. 57 at 8–9 (Feb. 26, 2026).

In light of the order compelling discovery already granted to Petitioner in his previously filed immigration habeas action and the information Petitioner has obtained through public records requests, Petitioner has not demonstrated that a further order compelling production of the same materials is warranted here.

## III.   CONCLUSION

For the above stated reasons, Petitioner's Motion for Appointment of Counsel (Dkt. 7) and his Motion to Compel Discovery (Dkt. 8) are **DENIED without prejudice**.

Additionally, the Court hereby **AMENDS** the Scheduling Order (Dkt. 5) to **DIRECT** Respondents to also **ADDRESS** in their return the legal effect, if any, of the immigration habeas proceedings in *K.S. v. Lowe*, No. 3:24-cv-00229-MEM-SH (M.D. Pa. filed Feb. 7, 2024), on Petitioner's entitlement to habeas relief in this action. All other provisions of the Scheduling

Order, including Respondents' deadline to file a return not later than July 23, 2026, remain unchanged.

Dated this 10th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTIONS FOR COUNSEL
AND TO COMPEL DISCOVERY AND
DIRECTING RESPONSE - 4