UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

K.S.,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

CASE NO. 2:26-cv-02378-GJL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner K.S. is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner, proceeding *pro se*, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued immigration detention and seeking an individualized bond hearing or immediate release. Dkt. 6. This is Petitioner's third habeas Petition challenging his immigration detention. *See K.S. v. Lowe*, No. 3:24-cv-00229-MEM-SH (M.D. Pa. filed Feb. 7, 2024) ("*K.S. I*"); *K.S. v. Blanche*, No. 2:26-cv-1345-JLR (W.D. Wash. filed Apr. 17, 2026) ("*K.S. II*"). Respondents to the instant Petition include Todd Blanche (U.S. Attorney General), Bruce Scott (Warden of the NWIPC), Camilla Wamsley (ICE Seattle Filed Office Director), and Markwayne Mullin (the Department of Homeland Security ("DHS") Secretary) (collectively

"Respondents").[1] The Petition has been fully briefed and is ready for consideration by the Court. Dkt. 6, 11; 19.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court finds that the abuse of the writ doctrine bars several of Petitioner's claims and further finds that Petitioner's only claim properly before the Court for review does not support the grant of habeas relief at this time. Accordingly, the Petition (Dkt. 6) is **DENIED** as set forth in the conclusion below.

## I. BACKGROUND

### A. First Petition for Writ of Habeas Corpus

On February 7, 2024, Petitioner filed a habeas petition in the Middle District of Pennsylvania challenging his prolonged immigration detention without an individualized bond hearing. *K.S. I*, No. 3:24-cv-00229-MEM-SH, Dkt. 1 (M.D. Pa.) ("First Petition"). On February 14, 2025, the United States District Court for the Middle District of Pennsylvania granted the First Petition, finding that Petitioner's prolonged mandatory detention, which, at the time, had continued for approximately two-years without an individualized bond hearing, had become unreasonable and violated his due process rights. *Id.*, Dkt. 25 at 11–19; Dkt. 26. As relief, the court ordered that Petitioner receive an individualized bond hearing within 21 days of entry of the habeas order. *Id.*, Dkt. 25 at 19–20; Dkt. 26.

Pursuant to the habeas order, Immigration Judge ("IJ") Fitting conducted a bond hearing and denied Petitioner bond on February 28, 2025. Dkt. 12-6 (Bond Memorandum). On March 18, 2025, Petitioner moved to enforce the habeas order, arguing that the bond hearing did not comply with the court's directive and violated due process. *KS I*, Dkt. 32.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 21.

On February 26, 2026, the United States District Court for the Middle District of Pennsylvania denied Petitioner's motion to enforce. *Id*., Dkts. 57, 58. In a detailed memorandum addressing Petitioner's challenges to the bond hearing, the court reviewed the asserted legal and constitutional errors, left in place the IJ's discretionary determinations not subject to review by district courts, and concluded that Petitioner had received an individualized bond hearing that complied with both the habeas order and due process. *Id.*, Dkt. 57 at 33–44.

Petitioner appealed that decision to the Third Circuit on March 16, 2026, and his appeal remains pending. *Id*., Dkt. 61; *K.S. v. Acting Dir. of U.S. Immigr. & Customs Enf't*, No. 26-1566 (3d Cir.).

**B. Second Petition for Writ of Habeas Corpus**

On April 17, 2026, Petitioner filed a second habeas petition in this District, challenging the lawfulness of his continued mandatory detention and seeking an additional bond hearing held before a federal district court. *K.S. II*, No. 2:26-cv-01345-JLR, Dkt. 5 (W.D. Wash.) ("Second Petition"). Petitioner also included allegations concerning the conditions of his confinement. *Id.* On June 17, 2026, the court denied habeas relief, finding that Petitioner was lawfully detained under 8 U.S.C. § 1226(c), that any condition of confinement claim Petitioner was attempting to raise was not cognizable in habeas, and that the court lacked authority to grant the particular bond hearing Petitioner requested. *Id.*, Dkt. 20. The court denied the Second Petition "without prejudice to Petitioner refiling a future petition as circumstances warrant." *Id.*, Dkt. 20 at 7.

**C. Petition for Review**

Separately, Petitioner sought review of his removability determination in the Third Circuit. On August 24, 2026, the Third Circuit affirmed Petitioner's removability under 8 U.S.C. § 1227(a)(2)(A)(i), concluding that his Indiana conviction for sexual battery categorically constituted a crime involving moral turpitude. *K.S. v. Att'y Gen. of the United States*, No. 25-

1931, slip op. at Dkt. 50 (3d Cir. Aug. 24, 2026); Dkt. 22-1. Petitioner received a sentence of 1,095 days of incarceration for that offense.[2] *Id.* Petitioner has since notified the Court that he moved to stay the Third Circuit's mandate pending a petition for writ of certiorari. Dkt. 23; Dkt. 23-1.

**D. Third Petition for Writ of Habeas Corpus**

Petitioner filed the instant habeas Petition on July 2, 2026. Dkt. 6 ("Third Petition"). He challenges the Government's statutory authority to detain him pursuant to § 1226(c), the adequacy of his immigration bond hearing, and the constitutionality of his continued detention without a second bond hearing. Dkt. 6. As relief, Petitioner seeks an additional bond hearing or, alternatively, immediate release. *Id*. at 3, 9.

## II. HABEAS STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

//

//

[2] Petitioner was also convicted for federal criminal offenses, included Making a False Claim of Citizenship and Conspiracy to Possess Identity Document with Intent to Defraud, for which he was sentenced to 6 months of incarceration and an additional state criminal offense for Operating a Vehicle While Intoxicated, for which he was sentenced to one year of incarceration. Dkt. 12-2.

## III. DISCUSSION

Petitioner raises several grounds for relief. First, Petitioner alleges that his prolonged mandatory detention without a constitutionally adequate bond hearing violates due process. Dkt. 6 at 3. As part of this claim, Petitioner challenges the adequacy of his prior bond hearing and, separately, Petitioner contends that he is entitled to a second bond hearing even if his first hearing was constitutionally adequate. *Id.* at 9. Petitioner also challenges the statutory basis for his mandatory detention under 8 U.S.C. § 1226(c), arguing that his criminal convictions do not quality as crimes involving moral turpitude under the meaning of that provision. *Id.* at 3.

Respondents argue that Petitioner's claims are barred by the abuse of the writ doctrine because they were or could have been raised in his prior habeas proceedings. Dkt. 11 at 5–10. Respondents further contend that, even if Petitioner's request for a second bond hearing is not barred, due process does not require additional proceedings under the framework established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 11 at 10–11. The Court agrees with Respondents and addresses each argument in turn.

### A. Abuse of the Writ

Petitioner's claims are largely barred by the abuse of the writ doctrine. The abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (cleaned up). In determining whether a claim is successive, courts look to the substance of the claim and consider whether the petitioner had a full and fair opportunity to raise it previously, including whether the claim arose only after the prior petition was denied. *Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023). A successive petition must be dismissed unless the petitioner demonstrates cause and prejudice or that failure to consider the claims would result in a fundamental miscarriage of justice. *Eldridge*, 70 F.4th at 551.

Here, Petitioner's challenges to the statutory basis for his detention, the constitutionality of his prolonged detention without a bond hearing, and the constitutionality of his initial bond hearing held in February 2025. Each claim was previously raised and resolved.

In *KS I*, Petitioner challenged the constitutionality of prolonged mandatory detention without a bond hearing and the constitutional adequacy of his immigration bond hearing held in February 2025. *Id.*, at Dkt. 1 (First Petition), Dkt. 32 (Motion to Enforce Habeas Order). The first of these claims was resolved when the District Court for the Middle District of Pennsylvania granted Petitioner's First Petition, *Id.* at Dkts. 25, 26, and the second claim was resolved when the court denied Petitioner's motion to enforce that habeas order, *id.* at Dkts. 57, 58.

Likewise, in *KS II*, the court expressly found that his mandatory detention was lawful under § 1226(c). *Id.*, at Dkt. 20. Petitioner's request for a second bond hearing (albeit one held before a federal district court) was also renewed in *KS II*, and the court denied habeas relief but did so without prejudice to filing a future petition should circumstances warrant. *Id.*, at Dkt. 7. Petitioner filed his Third Petition just fifteen days after that decision in *K.S. II* without an intervening change in law or material fact that would justify reconsideration of his previously asserted claims.

Accordingly, to the extent Petitioner seeks to relitigate claims previously raised and resolved, his Third Petition is barred by the abuse of the writ doctrine. And, to the extent Petitioner's claim that due process requires a second bond hearing was not finally resolved in *KS II*, the Court nevertheless finds that claim fails on the merits, as discussed in Section III.B. below.

**B. The Due Process Clause Does Not Require a Second Bond Hearing**

Even assuming Petitioner's request for a second bond hearing is not barred by the abuse of the writ doctrine, the Court finds that Petitioner has not demonstrated a due process violation necessitating a second bond hearing at this time.

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews*, 424 U.S. at 332. Courts in this District generally apply the factors identified in *Martinez v. Clark*, No. 18-cv-1669-RAJ-MAT, 2019 WL 5968089, at *2 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019), to determine whether prolonged mandatory detention under § 1226(c) requires an individualized bond hearing to comport with due process. *Ferril v. Scott*, No. 2:26-cv-03161-JHC, 2026 WL 3015397 (W.D. Wash. Oct. 7, 2026).

Here, however, Petitioner has already received a bond hearing, and his challenges to the adequacy of that hearing are not properly before the Court for review. *See* Sect. III.A. *above*. Accordingly, the Court applies the familiar *Mathews* framework to determine whether additional procedural protections are constitutionally required.

Under *Mathews*, the Court considers (1) the private interest at stake, (2) the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards,

and (3) the government's countervailing interests. 424 U.S. at 335; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

The first factor favors Petitioner, who has a substantial liberty interest in remaining free from physical detention. *Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). The second factor, however, weighs against requiring additional process. Petitioner previously received an individualized bond hearing on February 28, 2025. Dkt. 12-6. Although Petitioner has since remained detained for a substantial period,[3] he identifies no material change in circumstances suggesting that the prior custody determination is no longer reliable or that an additional hearing would meaningfully reduce the risk of erroneous deprivation. Nor does he identify any recent government-caused delay or other material development suggesting that his continued detention without an additional hearing has become constitutionally unreasonable.

The third factor also weighs against additional process. The government has a significant interest in enforcing the immigration laws and effectuating removal, particularly where a noncitizen has already received an individualized custody determination. *See Rodriguez Diaz*, 53 F.4th at 1208–09. Requiring another bond hearing absent any material change in circumstances would impose an additional administrative burden with limited demonstrated procedural benefit.

On balance, the *Mathews* factors do not establish that due process requires a second bond hearing under the circumstances presented. Accordingly, even to the extent Petitioner's

---

[3] Although the Court does not apply the *Martinez* factors here because Petitioner has already received an individualized bond hearing, the duration of detention remains relevant to the due process inquiry. *See, e.g., Ferril*, 2026 WL 3015397 (denying habeas relief where duration of immigration detention had not yet exceeded length of criminal sentence). The Court notes that approximately 19 months have elapsed since Petitioner's immigration bond hearing, a period substantially shorter than the three-year sentence imposed for the criminal conviction forming the basis of his alleged removability under 8 U.S.C. § 1227(a)(2)(A)(i). *K.S*, No. 25-1931, slip op. at Dkt. 50 (3d Cir.); Dkt. 22-1.

procedural due process claim seeking a second bond hearing is not barred by the abuse of the writ doctrine, it does not support the grant of habeas relief at this time.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas Petition (Dkt. 6) is **DENIED**, and this action is **DISMISSED**. Dismissal of Petitioner's procedural due process claim seeking a second bond hearing is **WITHOUT PREJUDICE** and **MAY** be renewed **ONLY upon a showing of materially changed circumstances** from those existing at the time the instant Petition was filed.

Dated this 20th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge